APPLICATION for a Writ of Certiorari to review certain orders of the Superior Court of Sacramento County and C. O. Busick, Judge thereof. Petition dismissed.

The facts are stated in the opinion of the court.

R. Platnauer for Petitioner.

No appearance for Respondents.

PREWETT, P. J., *pro tem.*—[1] The petitioner applies for a writ of review to review the action of above-named respondents in making certain orders in the civil action in said superior court pending wherein one Mary W. Vignaut is plaintiff and the petitioner herein is defendant.

It appears from the certificate of the clerk of said superior court on file herein that the orders complained of have been vacated and, in consequence, the petitioner consents that this proceeding be dismissed.

The proceeding is accordingly dismissed.

Hart, J., and Burnett, J., concurred.

---

[Civ. No. 3384. First Appellate District, Division Two.—June 29, 1920.]

MARIE LALLY, Respondent, v. EDWARD G. KUSTER, Appellant.

[1] Judgments—Appeal—Reversal—New Trial — Res Adjudicata. The rule that the determination of the supreme court on a first appeal is not conclusive as to matters of fact which may be developed on a retrial applies only where new or additional evidence is received or offered on the second trial, the effect of which would or might be to change the ultimate facts or to show the inapplicability of the rules of law announced on the first appeal.

[2] Attorney and Client—Negligence in Failing to Prosecute Action—Judgment on Former Appeal — Damages — Instructions. Where the supreme court, on an appeal from a judgment in favor of the defendant in an action for damages for negligence of an attorney in failing to prosecute diligently a mortgage foreclosure

suit which was dismissed for lack of prosecution after the statute of limitations had expired on the mortgage debt, decides as a matter of law that the defendant had been guilty, establishes the rule for the measurement of the damages, if any, and reverses the judgment, and on the retrial of the case no new or additional evidence is offered by the defendant on the question of its negligence, the jury is properly instructed that the only question to be passed upon by them is the amount of damages, the supreme court having passed on all other phases of the case.

[3] ID.—DENIAL OF NONSUIT—FAILURE TO MAKE PROOF OF PAYMENT —ERROR.—On the retrial of such action, even if there were technical error in the denial of defendant's motion for a nonsuit on the ground that there was no proof that the note secured by the mortgage had not been paid, the judgment in favor of plaintiff will not be reversed where defendant had an opportunity and failed to make proof of the amount of any credit to which he might have been entitled.

[4] ID.—NONSUIT—STATEMENT OF GROUND.—On a motion for a nonsuit, the ground of the motion should be stated, so that if the evidence is requisite, it might be offered by plaintiff and the oversight cured.

[5] ID.—ESTOPPEL TO MAINTAIN ACTION—EQUITABLE OFFSETS—REJECTION OF EVIDENCE.—Under the pleadings and the facts in this action for damages for negligence of an attorney in failing to prosecute diligently a mortgage foreclosure suit which was dismissed for lack of prosecution after the statute of limitations had expired on the mortgage debt, the trial court did not err in rejecting certain evidence offered by defendant which he claimed would have shown that plaintiff was estopped to maintain the action against him because the maker and the payee of the note and mortgage had so dealt with each other that it would have been inequitable for him to have sought to foreclose the mortgage, or because the maker of the note and mortgage had a valid claim against the payee thereof which might have been offset against the mortgage debt.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward G. Kuster, *in pro. per.*, Stuart M. Salisbury and Stannard A. McNeil for Appellant.

Sidney J. Parsons for Respondent.

BRITTAIN, J.—The defendant appeals from a judgment for $2,694 awarded as damages for negligence as an attorney in failing to prosecute diligently a mortgage foreclosure suit which was dismissed for lack of prosecution after the statute of limitations had expired on the mortgage debt. The case was tried once before and resulted in a judgment for the defendant. On the appeal of the plaintiff the supreme court reversed the judgment and in a lengthy opinion written by Mr. Justice Wilbur reviewed the essential and unchangeable facts. (*Lally* v. *Kuster*, 177 Cal. 783, [171 Pac. 961].)

The essential facts are that one George Brown, the former husband of the plaintiff, was the beneficiary of a trust under the will of his father, by which he was to come into the body of the trust estate on his reaching the age of thirty years. During the continuance of the trust · he had no right to or control over the principal of the trust funds. Mrs. Marisco Brown, who was not related to George Brown, but who had been his nurse when he was a child, owned certain real property in Los Angeles burdened with a mortgage. George Brown, being in ill health, went to Los Angeles and made his home with Mrs. Brown, who took care of him and at times gave or advanced to him small sums of money. She was old and infirm and was disturbed by the mortgage on her property. George Brown caused her to deed the property to him, and he executed a new mortgage, which was then transferred to the trustees under his father's will, and he then deeded the property back to her subject to the mortgage. The proceeds of the new mortgage, a part of the principal of the trust estate, were presumably used to satisfy the pre-existing debt. It is claimed by the defendant that it was the intention of George Brown to cancel the mortgage on coming into the trust property. Regardless of his intention in this regard, when the mortgage was accepted by the trustees it became a part of the trust property over which he had no control. He died before reaching the age of thirty, and the trust was thereby terminated. The trustees were required to and did turn over the trust property to George Brown's widow, the plaintiff in this action.

The defendant was retained as an attorney by the plaintiff to collect the mortgage debt. After investigation he

urged the plaintiff not to proceed with the suit he was retained to commence and advised her that there might be a good defense to the action. After a series of delays and excuses the defendant was instructed on April 7, 1907, to push the case and get judgment as soon as possible. On January 13, 1910, the defendant wrote that the case was pending and awaiting trial. In reply to a letter complaining about the time the matter had dragged along, on January 31, 1910, the defendant wrote that the attorney for Marisco Brown had told him a demurrer had been interposed merely for time, and that he would file his answer as soon as he could get a complete statement from Mrs. Brown. The suit had been filed before October 17, 1907, for the defendant wrote on that day that he had filed suit and would have summons served at once. An amended complaint was filed October 15, 1908, and demurrer thereto was filed on June 17, 1909. Mrs. Marisco Brown's motion to dismiss the foreclosure suit was granted on March 16, 1912. In opposition to the motion the defendant made an affidavit of merits on behalf of the plaintiff, in which he stated that he had fully investigated the facts and circumstances and he verily believed the plaintiff had a good cause of action against Marisco Brown.

Substantially the same facts were before the supreme court on the first appeal. It decided as a matter of law that the defendant had been guilty of negligence, and established the rule for the measurement of damages as the amount which could have been recovered in the foreclosure suit, less, if any, the value of the barred note and mortgage.

[1] The appellant contends that the determination of the supreme court on a first appeal is not conclusive as to matters of fact which may be developed on the retrial. This rule is unquestioned, but it applies only where new or additional evidence is received or offered on the second trial, the effect of which would or might be to change the ultimate facts or to show the inapplicability of the rules of law announced on the first appeal. [2] The record in this case shows no evidence or offer of evidence which could have changed or modified the record which has been set forth, and it was upon this record that the supreme court decided, not as a matter of fact, but as a matter of law, that the defendant had been guilty of negligence. This court is

bound, as was the trial court, by that determination. The
instruction to the effect that there was but one question
to be passed on by the jury and that the supreme court
had passed on all phases of the case but the amount of
damages was a correct statement of the law applicable to
the case under the former decision.

[3] It is contended that the defendant's motion for nonsuit
should have been granted, and reliance is placed on the
statement that there was no proof that the note secured
by the mortgage had not been paid. The ground of the
motion was not stated, if, indeed, any motion for nonsuit
was made. There was a colloquy between court and counsel
in regard to the proposed motion. [4] If it be deemed
equivalent to the motion, the ground should have been
stated, so that if the evidence were requisite it might have
been offered by the plaintiff and the oversight cured.
(*Sanchez* v. *Neary,* 41 Cal. 487; *Millar* v. *Millar,* 175 Cal.
797, [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac.
394].) Furthermore, there was no effort on the part of
defendant to show as a part of the defense that the note
was paid. The negligence of the defendant was shown by
the evidence that in disregard of the instructions of his
client he failed to prosecute the suit to foreclose the mort-
gage until it was dismissed for want of prosecution after the
statute of limitations on the debt had expired. Under the
rule for the measurement of damages laid down on the
former appeal, the parties submitted evidence in accordance
with that rule. If the defendant was entitled to credit for
payment made it was an element tending to reduce the
amount of damages, and evidence of actual payment would
have been permissible. None such was offered. Even if
there were technical error in the denial of the motion
for nonsuit, the judgment will not be reversed where the
defendant had an opportunity and failed to make proof of
the amount of any credit to which he might have been en-
titled.

[5] The defendant contends the trial court erred in
rejecting certain evidence which he maintains would have
shown that the plaintiff was estopped to maintain this
suit because Marisco Brown and George Brown had so dealt
with each other that it would have been inequitable for him
to have sought to foreclose the mortgage, or because Marisco

Brown had a valid claim against Brown which might have been set off against the mortgage debt. This contention is without force for several reasons. There were no facts pleaded to support evidence of estoppel, the holder of the mortgage was not affected by any secret negotiations between George Brown and Marisco Brown, and if Marisco Brown had any claim against George Brown, it must have been asserted against his estate or have been barred.

The record has been examined carefully and the other points relied on by the appellant have been considered, but it is not necessary further to review the evidence nor to discuss the appellant's other contentions. The outstanding facts are that the defendant failed to prosecute the foreclosure suit, in direct violation of the instructions of his client, under such circumstances that the conclusion of negligence is irresistible. On conflicting evidence the jury determined the amount of damages in accordance with the rule laid down on the former appeal. There does not appear to have been any miscarriage of justice.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.