[Civ. No. 8516.  First Appellate District, Division One.—October 10, 1932.]

JOSEPHINE POHLE, Respondent, v. BOLINAS BEACH REALTY COMPANY (a Corporation) et al., Defendants; DAY'S U–DRIVE AUTOS, LTD., Appellant.

Henry Heidelberg, Robert G. Partridge and John R. Golden for Appellant.

Daniel A. Ryan, Thomas C. Ryan, George F. Snyder and James W. Harvey for Respondent.

THE COURT.—Plaintiff brought this action for damages on account of personal injuries sustained in an automobile accident, naming as defendants Bolinas Beach Realty Company, a corporation, Day's U–Drive Autos, Ltd., a corporation, Edward J. Goldstein, and several fictitious parties. At the time the action was tried Goldstein's time for answering the complaint had not expired, and consequently as to him the cause was not at issue. The jury returned two verdicts, one against Bolinas Beach Realty Company for the sum of $17,500, and the other in favor of the defendant

Day's U–Drive Autos, Ltd. Judgment was entered accordingly. Eight days thereafter Goldstein filed his answer, and approximately a month later the trial court granted plaintiff's motion for a new trial as against the defendant Day's U–Drive Autos, Ltd. The latter appealed from the order made in that behalf, and soon after its opening brief was filed plaintiff moved to dismiss the appeal or affirm the judgment upon the following grounds: (1) That the appeal was taken for the sole purpose of delay; (2) that none of the evidence is contained in the transcript on appeal; and (3) that appellant's brief does not conform to the requirements of section 3 of rule VIII of the Supreme Court and the District Courts of Appeal.

■ We find no merit in the first and third grounds urged; but the second ground presents a debatable question for the reason that the appeal was taken on a clerk's transcript alone, and it would seem that in the absence of a reporter's transcript or a bill of exceptions embodying part of the evidence, several of the essential factors upon which appellant bases its legal contention that the order appealed from should be reversed do not appear in the record upon which the appeal is taken.

However, respondent did not serve or file with her notice of motion, as required by the rules of the court (see rule XX), any memorandum of points and authorities, nor, as yet, has she filed any brief on the merits; and in view of the important legal problem presented by the motion we do not feel called upon to attempt its solution without the aid of some sort of a brief on the part of the party in whose behalf the motion is made. Obviously the point is one which may be urged in respondent's brief as ground for affirmance at the hearing of the appeal on the merits, as well as by motion. Therefore the motion will be denied without prejudice to the right of respondent to follow such course if she so desires.