[Civ. No. 8516. First Appellate District, Division One.—March 30, 1933.]

JOSEPHINE POHLE, Respondent, v. BOLINAS BEACH REALTY CO. (a Corporation) et al., Defendants; DAY'S U-DRIVE AUTOS, LTD., Appellant.

Henry Heidelberg, Robert G. Partridge and John R. Golden for Appellant.

Daniel A. Ryan, Thomas C. Ryan, George F. Snyder and James W. Harvey for Respondent.

THE COURT.—This is an· action for damages for personal injuries sustained in an automobile accident. The jury rendered two verdicts, one in favor of the defendant

Day's U–Drive Autos, Ltd., and the other against its co-defendant Bolinas Beach Realty Co. for the sum of $17,500. Judgment was entered accordingly, and subsequently the trial court granted plaintiff's motion for a new trial as to the defendant Day's U–Drive Autos, Ltd. From the order made in that behalf the latter has appealed.

The action was instituted against Bolinas Beach Realty Co., appellant, Edward J. Goldstein and certain fictitious parties. The complaint alleged that appellant was engaged in the business of renting automobiles, and was the owner of the automobile involved in the accident, in which plaintiff was riding as a passenger for hire; "that on said 26th day of July, 1931, the *defendants* were operating said automobile on the Bolinas road and at a point about one-half way between Stinson Beach and Sausalito in the county of Marin . . . ; that at said time and place the *defendants* carelessly and negligently drove and operated said automobile over a cliff and thereby inflicted upon the plaintiff" certain personal injuries which are specifically described. (Italics ours.) Appellant and the realty company filed separate answers. In its answer appellant admitted that it was engaged in the business of renting automobiles, and that it was the owner of the automobile involved in the accident; also that plaintiff was riding therein as a passenger for hire. The remaining allegations of the complaint were denied. The realty company's answer denied all of the allegations of said complaint, except the allegation that appellant was in the business of renting automobiles, which was admitted. On January 15, 1932, the action came on for trial. At that time Goldstein's time for answering the complaint had not yet expired and consequently as to him the cause was not at issue. Nevertheless the parties proceeded with the trial, and, as stated, it resulted in the rendition of the two verdicts above mentioned. On the same date, January 15, 1932, judgment was entered accordingly. Eight days thereafter, and on January 23, 1932, Goldstein filed his answer wherein he denied the allegations of the complaint which are hereinabove quoted. On January 28, 1932, plaintiff served and filed its notice of motion for new trial, and on February 26, 1932, the motion was granted. Among the grounds urged for a new trial were irregularity in the proceedings of the court and on the part of appellant which

prevented plaintiff from having a fair trial as to appellant; insufficiency of the evidence; that the verdict in favor of appellant was against law; and errors in law occurring during the trial. The trial court's order granting the motion stated merely that " . . . it was by the court ordered that the motion for a new trial be granted as to defendant U-Drive Autos, etc."

Under well-established rules all presumptions are in favor of an order granting or denying a new trial, and the burden is upon appellant to make it affirmatively appear by a proper record that the order complained of is erroneous. (See 2 Cal. Jur. 887, and cases cited under note 14.) In the present case, at the outset respondent raises the point that the trial court's order granting the new trial must be affirmed for the reason that the asserted facts upon which appellant relies in support of its claim that the court erred in granting the new trial do not appear in the record on appeal. We are of the opinion that respondent's point is well taken.

The theory upon which appellant seeks a reversal is, in the main, as follows: It is contended that its liability in the matter, if any, is for the imputed negligence of the operator of the automobile, as provided in section 1714¼ of the Civil Code, which in part reads as follows: "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner provided that the liability of an owner for imputed negligence imposed by this section and not arising through the relationship of principal and agent or master and servant shall be limited" to certain amounts therein stated; "and provided that in any action against an owner on account of imputed negligence as imposed by this section the operator of said vehicle whose negligence is imputed to the owner shall be made a party defendant provided personal service of process can be had upon said operator within this state, and upon recovery of judgment, recourse shall first be had against the property of said operator so served . . . " And in this connection it is asserted in appellant's brief that it did not rent the automobile to the realty company,

but rented it to a man named Reder, who, acting for the realty company, authorized Goldstein to drive the same; that Goldstein was driving the car at the time of the accident, not as agent or servant of appellant, but as the employee of the realty company; and that, inasmuch as the cause was not at issue as to Goldstein, the driver of the automobile at the time the cause was tried against appellant as owner, appellant, under said section 1714¼ could not be held liable. It is further asserted that in view of such facts the trial court, on appellant's motion, instructed the jury to find for appellant, and that such a verdict was returned. Basing its legal contention on the foregoing asserted facts appellant argues that in the state of the evidence and of the record as the same existed at the time the instruction was given, the instruction was proper, and that merely because Goldstein afterwards filed his answer and put the cause at issue as to him, did not serve as legal grounds for granting a new trial as to appellant.

However, appellant took the appeal and has chosen to present it on a clerk's transcript alone; consequently none of the foregoing facts and circumstances upon which it relies in support of its contention that the court erred in granting a new trial, appear in the record before us. Respondent in her brief evidently concedes some of the facts asserted by appellant, including the assertion that Goldstein was the driver of the automobile at the time of the accident and that as such driver he was in the employ of the realty company; but, contrary to appellant's assertion, respondent claims that appellant rented the automobile to the realty company; that consequently the realty company was the "operator" of the car at the time of the accident, within the meaning of said section 1714¼, and that therefore a cause of action was established against appellant, as owner, under the provisions of said section, regardless of the fact that the cause was not at issue as to the driver of the car. If that be so, then it follows that the court erred in giving the instruction to the jury to find for appellant, because, as held in *Sutton* v. *Tanger,* 115 Cal. App. 267 [1 Pac. (2d) 521, 523], said section 1714¼ makes the owner of the automobile liable for the negligence of any person using or operating the automobile with his implied or express consent, and the word "operate", as used in said section, is sufficient

to hold the owner liable for the negligence of a person to whom his permittee has temporarily entrusted the automobile. In so holding, the court, in quoting from another case, said: "If the owner chooses to intrust his car to another person, he invests such person, so long as he uses the car, with the same authority in regard to the management of the car which the owner has. That authority includes the right to select the operator. The statute so provides in unmistakable language."

Summarizing, therefore, the record upon which the appeal is taken shows no error; and even assuming as appellant claims that the trial court's order granting a new trial was based upon the conclusion that the instruction above mentioned was erroneous, we are not in a position to say that such instruction was not erroneous, because, in the absence of the evidence, there is nothing in the record before us to show that the automobile was not rented to the realty company.

That the record on appeal was doubtless insufficient was clearly indicated in an opinion heretofore rendered in ruling upon respondent's motion to dismiss the appeal or affirm the judgment. (*Pohle* v. *Bolinas Beach Realty Co.*, 126 Cal. App. 683 [14 Pac. (2d) 858].) The order granting the new trial is affirmed.