## TROTTER v. UNION INDEMNITY CO.

District Court, W. D. Washington, Northern Division. June 11, 1929.

No. 20010.

J. Speed Smith and Henry Elliott, Jr., both of Seattle, Wash., for plaintiff.

Bausman, Oldham & Eggerman, of Seattle, Wash., for defendant.

BOURQUIN, District Judge. Plaintiff, riding in an auto, was injured, and seeks recovery against defendant insurer of the owner and others. From the evidence, it appears that to Grill, the owner, defendant issued a policy, amongst other things, providing that he was insured "against loss from the liability imposed by law upon the assured for damages on account of bodily injuries" by the auto caused, and that "the unqualified word assured * * * shall be construed to include * * * any person or persons while riding in or legally operating any automobile insured hereunder and any person, firm or corporation legally responsible for the operation thereof with the permission of the named assured."

Grill employed Hickey on commission to sell the former's town lots adjacent to Seattle, and to that end loaned the auto to Hickey to be used by him. Nothing was said that Hickey's "organization" generally could use the auto or that Hickey could use it for pleasure, though Grill "expected" Hickey's salesmen would occasionally use it, and knew Hickey did use it to some extent for mere pleasure riding. The loan was expressly for use in the mutual business of Grill and Hickey, and, though no express restrictions were imposed, the implications limit the bailment to the express use for mutual benefit. Hickey, in possession of the auto, first encountered Bullock in the garage about midnight, discussed employing him, with him drank liquid moonshine and visited a restaurant, and, though Hickey did not employ Bullock, he was in that mellowed and liberal mood that he directed the garage keeper to permit Bullock's use of the auto at any time, with gas and oil. at Hickey's expense. Thereupon Hickey wended his way homeward; but to Bullock the night was yet young, and forthwith he proceeded to enjoy it and Hickey's generosity. In preparation, he deposited his watch and money with a friend at a restaurant, and sallied forth in the auto. About 4 a. m. he picked up plaintiff and another on Seattle's streets, and, speeding on, collided with a pole, to plaintiff's very serious injury. This loan of the auto by Hickey to a moonshine drinking joy rider in the wee small hours of the morning was not contemplated by Grill.

Thereafter plaintiff recovered judgment for $5,500 against Bullock and Hickey, and this action invokes the policy to recover the amount of said judgment from defendant. In essential facts and in principle the case is all fours with Frederiksen's Case (C. C. A.) 26 F.(2d) 76. Here, as there, at the time and place of the injury to plaintiff, the operator of the auto was not using it with the consent express or implied of the owner. Grill bailed the auto to Hickey for their mutual benefit in and about sale of lots, and though he expressly imposed no restrictions, in such a contract it is implied that the bailee will limit the use of the property to the mutually beneficial purpose for which it was intrusted to him. It not being agreed, understood, or contemplated that Hickey could delegate his user of the auto to a more or less intoxicated joy rider in the nighttime in Seattle's streets, no such dangerous and injurious departure from the object of the bailment can be implied; and in that disposition of the auto Hickey violated the terms of the bailment, was guilty of trespass, and fraud upon his bailor, converted the auto to his own use, and terminated the bailment, all without the bailor's consent, express or implied. It follows that Grill, the named assured, not having consented to Bullock's operation of

the auto, the protection and benefit of the policy do not extend to plaintiff, Bullock's guest.

Judgment for defendant.