HENRIETTA L. BLAIR *vs.* THE TRAVELERS INSURANCE COMPANY & another.

TIMOTHY J. GARVEY, administrator, *vs.* SAME.

Worcester. April 5, September 10, 1934. — October 29, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance,* Motor vehicle liability. *Motor Vehicle,* Operation.

At the hearing of a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of an insurance company under a policy of compulsory motor vehicle liability insurance to the satisfaction of a judgment for personal injuries obtained by the plaintiff, there was evidence that the owner of the automobile covered by the policy gave permission to the judgment debtor to take the automobile to the debtor's home on a Saturday, to take it to a city on Sunday to show it to a prospective purchaser and to return it to the owner, if not sold, on Monday; that the judgment debtor drove the automobile to his home on Saturday and to the city on Sunday; that it was not sold; that on Sunday evening he used the automobile for the personal convenience of himself and of guests of his; that the plaintiff's injuries occurred while it was so being used and as a result of conduct both of the judgment debtor and of a companion of his who in his presence and under his supervision was driving the automobile; and that the judgment debtor was not licensed to operate motor vehicles and did not obtain the certificate of registration of the automobile from the owner before taking the automobile. *Held,* that the evidence required a finding that at the time of the plaintiff's injuries

the judgment debtor was a "person responsible for the operation of" the automobile with the consent of the owner within the meaning of G. L. (Ter. Ed.) c. 90, § 34A.

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of an insurance company under a policy of compulsory motor vehicle liability insurance to the satisfaction of a judgment obtained by the plaintiff for personal injuries sustained as a result of the operation of the automobile covered by the policy, it appeared that the circumstances were such that the plaintiff was entitled to have the insurance company's obligation under the policy so reached and applied and that the amount of his judgment was in excess of $5,000, but it did not appear whether the limits of the policy were the minimum limits required by the compulsory motor vehicle insurance statute or larger limits. Upon appeal from a decree entered in the Superior Court, it was *held*, that

(1) A decree could not properly have been entered for the plaintiff against the insurance company for the amount of the judgment;

(2) A decree must be entered ordering the insurance company to pay to the plaintiff the sum of $5,000 and the suit must be remanded to the Superior Court "to determine such further amount, if any, as" might "be found due the plaintiff under the form of insurance policy issued by the" insurance company to the owner of the automobile.

Two BILLS IN EQUITY, filed in the Superior Court on February 8, 1933, and afterwards amended, against The Travelers Insurance Company and Bernard Dion.

The suits were heard together by *Dillon*, J. There was evidence that just before the automobile accident described in the opinion, at a time when one Perreault was operating the automobile in question, it started to swerve, whereupon the defendant Dion "made a grab for it, got it back on the road"; that it again started to swerve, whereupon Dion "got hold of it and it tipped over and burst into flames." Dion testified that he put his "hand onto the wheel to try to pull it back into the road, and he (Perreault) pulled the wheel the opposite way, and I tried to make a second catch at the wheel and the car turned over."

Other material evidence, and findings by the judge, are stated in the opinion. By his order a decree dismissing the bill was entered in each suit. The plaintiffs appealed. The evidence was reported.

*E. A. Ryan*, for the plaintiffs.

*D. F. Gay*, for the defendants.

PIERCE, J.    These two suits in equity are brought under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply in satisfaction of judgments obtained in the Superior Court the alleged obligation of the defendant insurance company (hereinafter called the defendant) under a motor vehicle policy. The policy was issued to one Benzion Toren, owner of an automobile alleged to have been used on the public highway by one Bernard Dion (the other defendant), or by one Bernard Perreault under the direct supervision of Bernard Dion, with the express or implied consent of said Benzion Toren. The defendant in its answer admitted its right to issue policies of insurance under the so called compulsory insurance law. St. 1925, c. 346. It further admitted that in 1931 previous to October 25, it entered into a contract of insurance with said Benzion Toren under the compulsory motor vehicle insurance law. It is not denied that the sedan owned by said Toren, bearing registration plates numbered 357915, covered by a certificate of insurance issued by the defendant, on October 25, 1931, was being operated or used by Bernard Dion or Bernard Perreault on a public highway known as the Southbridge-Dudley Road.

It appears in the testimony reported under G. L. (Ter. Ed.) c. 214, § 24, and under Rule 76 of the Superior Court (1932), that said Dion and Perreault operated the automobile on the road and date in question in a manner which caused the death of one Daniel Garvey and physical injuries to the plaintiff Henrietta L. Blair. It also appears in said undisputed testimony that the administrator of Garvey and the plaintiff Blair brought individual actions of tort in the Superior Court and that each of them recovered judgment against the said Bernard Dion for a substantial sum of money and costs, and that the judgments remain unsatisfied.

G. L. (Ter. Ed.) c. 214, § 3 (10), provides for a suit in equity to reach and apply the obligation of an insurance company, under a motor vehicle liability policy, as defined in G. L. (Ter. Ed.) c. 90, § 34A, to a judgment debt which has not been satisfied within thirty days after the date it was

rendered.  The material portion of said insurance act is as follows: "The following words, as used in sections thirty-four A to thirty-four J, inclusive, shall have the following meanings: . . . 'Motor vehicle liability policy', a policy of liability insurance which provides indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries, including death at any time resulting therefrom, . . . sustained during the term of said policy by any person other than employees of the insured or of such other person responsible as aforesaid who are entitled to payments or benefits under the provisions of chapter one hundred and fifty-two, and arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle, to the amount or limit of at least five thousand dollars on account of injury to or death of any one person, and, subject to such limits as respects injury to or death of one person, of at least ten thousand dollars on account of any one accident resulting in injury to or death of more than one person . . . ."

The defendant contends that the motor vehicle was not being operated by Dion at the time of the accident, and that if it was operated or used by him, such operation or use was without the express or implied consent of the insured.  This position of the defendant presents the only live issue in the cases.  The trial judge filed the following "Memoranda and Order for Decree."  "After hearing, the court finds that on the twenty-fifth day of October, 1931, Bernard Dion was operating a Dodge sedan owned by Benzion Toren, and bearing registration plates No. 357915, but that the operation, management and control of said automobile by said Bernard Dion, or by his companion, Bernard Perreault, at the time of the accident was without either the express or implied consent of the owner, Benzion Toren, and, therefore, the prayers of the plaintiff contained in the within bill are denied.  It is hereby ordered that a decree be entered dismissing the within bill."  Thereafter final decrees were entered dismissing the bills.  The cases

are before this court on the appeals of the plaintiffs from the final decrees.*

The evidence pertinent to the issue whether Bernard Dion had permission to use the motor vehicle at the time of the accident is as follows: For six weeks previous to the day of the accident Bernard Dion worked for Benzion Toren on his farm and without a license operated a truck used by Toren for the wholesale delivery of cider. The testimony does not disclose that Toren knew Dion had no license to operate his truck or cared if he had none. Dion testified, in substance, that a few days before the accident, which happened on Sunday, October 25, 1931, he learned that his employer wished to sell his sedan, which was registered and insured as above stated; that he told Toren he had a customer for the sedan if he (Toren) wished to sell it and Toren said," Yes"; that Dion said he would like to take it home to Webster and on Sunday morning he would take it to Worcester and show it to the party and would bring back either the money or the sedan on Monday when he returned to work, and Toren said, "Take the car." There was further testimony that on Saturday, October 24, 1931, Dion worked on the place and left without the sedan between 6 and 7 P.M.; that it was then standing in the back yard; that Toren saw it there before he went to bed at about 11 P.M.; that he had the registration card in his pocket when he went to bed and when he got up in the morning. Dion did not come for the registration card and there is no evidence that Toren or Dion thought of the fact that the registration card should be with the sedan. There is no evidence that Toren gave any instructions whatsoever as to the use of the sedan between the time when it was to be taken and the time for its return if it was not sold. Saturday Dion drove the sedan to Webster and on Sunday drove it to Worcester. For reasons which are not material

---

* "Stipulation. It is hereby agreed between the parties that the issues involved in the above named cases are identical and it is therefore stipulated that the record in case No. 52427 Henrietta L. Blair vs. The Travelers Insurance Co. et al. may be presented for the consideration of the full bench of the Supreme Judicial Court and that the decision in said case shall also be the decision in the other case."

to the issue it was not sold at Worcester and Dion drove it back to Webster. On Sunday evening, with the deceased Garvey, Dion drove to Southbridge, where they met the plaintiff Henrietta L. Blair and a friend. They then drove to Webster, where they were joined by Perreault. While later returning to Southbridge, the motor vehicle upset and burst into flames, causing the death of Garvey and injuries to Mrs. Blair.

. On the above evidence, it is not material that Dion had no license to operate a motor vehicle, that he did not have the registration card, that he used the motor vehicle for his personal convenience and for the convenience or pleasure of invited guests; nor in these circumstances is it material that Dion temporarily permitted Perreault to operate the automobile in his presence and under his supervision. *Boyer* v. *Massachusetts Bonding & Ins. Co.* 277 Mass. 359, 363. *Johnson* v. *O'Lalor,* 279 Mass. 10, 12. See G. L. (Ter. Ed.) c. 90, §§ 11, 25. The case is covered by *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532. Upon the reported testimony the ruling of the trial judge in effect that the plaintiffs could not recover was wrong. The evidence required a finding that at the time of the accident Dion was a "person responsible for the operation of" the automobile with the express or implied consent of Toren.

The answer of the defendant admits it entered into a contract of insurance with said Benzion Toren under the compulsory motor vehicle insurance law as above described, but it does not admit, and the bill of complaint does not charge, that the policy of insurance issued was in excess of the minimum amount prescribed by the compulsory insurance law. It appeared from executions in evidence that each plaintiff had recovered a judgment against Dion in an action of tort in a sum in excess of $5,000. In the absence of evidence that the defendant issued a policy to Benzion Toren in excess of the minimum required by the compulsory insurance law, St. 1926, c. 368, § 2, St. 1928, c. 381, § 4, G. L. (Ter. Ed.) c. 90, § 34A, it is plain that decrees could not have been entered in these suits for the plaintiffs against the defendant for the amount of the

judgment in either action at law. In these circumstances the decrees must be reversed and in accord with the defendant's concession a decree must be entered for each of the plaintiffs in the amount of $5,000 as required by the compulsory insurance law, St. 1925, c. 346, and the cases must be remanded to the Superior Court to determine such further amounts, if any, as may be found due the plaintiffs under the form of insurance policy issued by the defendant to Benzion Toren.

*Decrees accordingly.*