ROCCO MOSCHELLA *vs.* THOMAS KILDERRY & others.

Suffolk.     February 4, 1935. — February 27, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Insurance,* Motor vehicle liability.

Where, at the hearing of a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of an insurance company under a policy of compulsory motor vehicle liability insurance to the satisfaction of a judgment for personal injuries obtained by the plaintiff, it appeared that the owner of the automobile covered by the

policy gave permission to take and use it on a certain occasion to one who later permitted the judgment debtor to operate it and that the plaintiff's injuries resulted from its operation by the judgment debtor on a public way, but that the owner did not give to the one to whom he lent the automobile specific authority to permit any other person to operate it and had no reason to anticipate that he would permit the judgment debtor to operate it, it was proper to rule that the judgment debtor was not a "person responsible for the operation of the" automobile with the "express or implied consent" of the owner within the meaning of G. L. (Ter. Ed.) c. 90, § 34A; and the suit could not be maintained.

BILL IN EQUITY, filed in the Superior Court on April 5, 1934, against Thomas Kilderry, Marion Rocca, and New Amsterdam Casualty Company.

The suit was heard by *Greenhalge*, J., who made the findings and rulings described in the opinion and, without the entry of a decree, reported the suit for determination by this court.

The case was submitted on briefs.

*L. Albert*, for the plaintiff.

*R. H. Willard & A. S. Allen*, for the defendants.

PIERCE, J. This is a suit in equity under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to enforce the liability of the New Amsterdam Casualty Company (hereinafter called the insurer) under a policy issued by it pursuant to the compulsory motor vehicle insurance law. G. L. (Ter. Ed.) c. 90, §§ 34A–34J. At the request of both parties the trial judge reported the case to this court, incorporating the pleadings as a part thereof. The report concludes: "If my findings and rulings are warranted in fact or law a decree is to be entered dismissing the bill; if in any respect they are not so warranted, such decree is to be entered as law and justice may require."

The material facts disclosed by the record are, in substance, that the policy was issued by the insurer to one Marion Rocca, who was the registered owner of an automobile which is alleged to have been used on the public highway by one Thomas Kilderry under the direct supervision of one John McPhee; that while in such use an accident occurred on October 1, 1932; that an action of

tort was brought by the plaintiff against Kilderry in the Superior Court and a judgment recovered against him; that an execution issued thereon; that Kilderry on demand "has refused and neglected to satisfy same, or to show sufficient goods to be taken on execution for that purpose"; that the insurer "has to date refused to pay the judgment and execution issued in favor of the plaintiff and that more than thirty days have elapsed between the date of said judgment and the bringing of this bill of complaint."

The insurer admits that at the time of the accident the defendant Kilderry had no license to operate a motor vehicle; that the plaintiff was injured in the accident; that he instituted an action of tort in the Superior Court against the defendant Kilderry and recovered judgment against him; that no payment has been made to the plaintiff; and that more than thirty days have elapsed between the date of said judgment and the bringing of this bill; but denies any obligation to the defendant Kilderry and the defendant Rocca.

G. L. (Ter. Ed.) c. 90, § 34A, reads, in part, that a policy of insurance issued thereunder shall provide "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries . . . sustained during the term of said policy by any person . . . arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle." The facts applicable to the issue whether the motor vehicle at the time of the accident was in use upon the ways of the Commonwealth by "any person responsible for the operation of the insured's motor vehicle with his express or implied consent" are as follows: The husband of the assured owner testified, in substance, that he bought the automobile involved in the accident in which the plaintiff was injured and used to operate it; that he had known one John McPhee for about seventeen years, and had known the defendant Kil-

derry for about ten years; that on October 1, 1932, McPhee came into his house and asked "if he could take the car"; that he replied, "Yes, go and take it, I ain't using it anyway"; that this was said in the presence of his wife, the defendant Marion Rocca; that he and McPhee then went into the yard and he saw McPhee back out of the yard and take the automobile away; that at that time the defendant Kilderry was not anywhere around; that before McPhee took the automobile he did not say anything with respect to where he was going with it; and that the witness did not remember that McPhee said anything with respect to whom, if anyone, he was going to meet. The defendant Marion Rocca testified, in substance, that the automobile was registered in her name; that her husband bought and paid for it and used it for both business and pleasure; that it was usually kept in their yard; that she had no license to drive it; that whatever her husband did with it "was 'all right' with her"; that she "did not allow Kilderry to operate the car; that she did not have anything to do with his taking the car; that she knew that McPhee was a proper person to operate a car because he had a license." On cross-examination she testified, in substance, that on the evening this accident occurred McPhee called at the house and there was no one with him; that he asked "if he could take the car; that 'my husband said, sure, we weren't going to use it, we were going to stay at home that night, so he told him he could take the car'; that McPhee thanked her husband, and then McPhee and her husband went right out together . . . 'I don't think' anything was said by McPhee before the car was taken away 'as to where he was going with the car'; that nothing was said as to whom he was going to meet or pick up with the car; that nothing was said as to his taking anyone else to ride with him."

Counsel for the defendants agreed that Kilderry would testify that at some time after McPhee took the automobile away from the yard he met Kilderry, and invited the latter to ride with him; and that subsequently McPhee permitted Kilderry to operate the automobile. It was

agreed that Kilderry was operating it at the time of the accident to the plaintiff; that its only occupants at that time were Kilderry and McPhee; that the plaintiff made proper demand upon the defendant Rocca for payment of the judgment on which this bill is based; that said judgment was not paid within thirty days thereafter; and that this bill was seasonably brought.

The judge states: "I find that the defendant Rocca permitted McPhee to take the automobile in question upon the evening of the accident; and I find and rule that at the time of the accident McPhee was a person 'responsible' to the defendant Rocca 'for the operation' of her said motor vehicle with her 'express or implied consent' within the meaning of G. L. (Ter. Ed.) c. 90, § 34A. I further find that the defendant Rocca did not give to McPhee any express authority to permit any other person to operate her car, and that when the defendant Rocca allowed McPhee to take it she had no reason to anticipate or believe that he would permit the defendant Kilderry to operate it. I find and rule that unless as matter of law the foregoing evidence requires a different conclusion, the defendant Kilderry was not a person responsible for the operation of said motor vehicle with the express or implied consent of the defendant Rocca and that the insurance policy is not security for the payment of the judgment entered against him."

Within the rule laid down in *O'Roak* v. *Lloyd's Casualty Co.* 285 Mass. 532, McPhee was a "person responsible for the operation of" the automobile with the consent of the defendant Rocca, the insured, as the trial judge ruled, but Kilderry was not. The defendant Rocca gave McPhee no express authority to permit any other person to operate the automobile, and no such authority can be implied from the fact that McPhee invited Kilderry to ride and gave him permission to drive. Had the plaintiff recovered judgment against McPhee, the defendant insurer would have been obliged to satisfy it, but upon the facts found the policy does not cover the judgment obtained against Kilderry. *Johnson* v. *O'Lalor*, 279 Mass. 10. *Blair* v. *Travelers*

*Ins. Co.* 288 Mass. 285, does not support the plaintiff's case in that in the *Blair* case the judgment which the plaintiff was seeking to enforce ran against one Dion, who, the evidence showed, was the "person responsible for the operation of" one Toren's automobile with his consent.

The findings and rulings of the trial judge were warranted in fact and law. It follows, in accordance with the terms of the report, that a decree is to be entered dismissing the bill.

*Ordered accordingly.*