[Civ. No. 9529. First Appellate District, Division Two.—April 23, 1935.]

ROBERT G. HAGGARD, Respondent, v. DONALD J. FRICK, Appellant.

Myrick & Deering and Scott for Appellant.

Bronson, Bronson & Slaven, Maurice J. Rankin and John H, Painter for Respondent.

NOURSE, P. J.—The cause was tried before the court without a jury. Findings were made favorable to plaintiff and the defendant Frick has appealed from the judgment.

The appellant, who was a resident of the city of Los Angeles, purchased an automobile for the use of his son while the latter was attending Stanford University. The son drove the car from his home to the university and kept it at his fraternity house on the campus. With the son's permission the defendant Hulen was operating the car on the public highway where a collision occurred resulting in the injuries to plaintiff which are the subject of this litigation. The appellant delivered the car to his son without direction or restriction as to its use other than the expressed wish that he would not let anyone else drive it. It was given, however, with the intention and understanding that the son should have the exclusive use and control of the car throughout the college year, at a place more than four hundred miles from appellant's home. The only issue raised on the appeal is the liability of the father under section 1714¼ of the Civil Code.

We will reform appellant's "Statement of Question Involved" to more nearly accord with the evidence, the change appearing within the parentheses:

"Appellant, the registered owner of an automobile, delivers it to his son for use while attending the university, (without direction or reservation, other than the statement that he 'would rather he would not let any other

person drive' the car). The son without the knowledge of his father permits a college mate to take the car and drive it for pleasure purposes of his own. Through the negligence of the college mate an accident ensues in which plaintiff is injured. Is the father liable under section 1714¼ of the Civil Code?''

The question must be answered in the affirmative under the settled rule that under this section of the code the owner is ''liable for the negligence of a person to whom his permittee has entrusted the automobile temporarily''. (*Hughes* v. *Quackenbush*, 1 Cal. App. (2d) 349 [37 Pac. (2d) 99].) See, also, *Sutton* v. *Tanger*, 115 Cal. App. 267 [1 Pac. (2d) 521]; *Pohle* v. *Bolinas Beach Realty Co.*, 130 Cal. App. 704 [20 Pac. (2d) 730]; *Kerns* v. *Lewis*, 246 Mich. 423 [224 N. W. 647]; *Grant* v. *Knepper*, 245 N. Y. 158 [156 N. E. 650, 54 A. L. R. 845].) The reason for the rule is well stated in the Grant case (p. 652 [156 N. E.]): ''Only a narrow construction would permit us now to say that an owner placing a car in the care of members of his family to be used for their pleasure or for the family business would escape liability if wife or son or daughter should give over the wheel to the management of a friend.''

It would serve no purpose to discuss the cases on the liability of the owner where the car has been operated without the consent of the permittee, or the cases involving liability under the relation of agent or bailee. Here the liability is purely statutory. The owner's negligence is imputed from the express or implied permission to another to use or operate the vehicle. If the owner entrusts his car to another he invests him with the same authority to select an operator which the owner has in the first instance.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 23, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1935.

Thompson, J., voted for a hearing.