ANTONIO NOVO *vs.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED.

Suffolk. May 15, 1936. — September 8, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance*, Motor vehicle liability. *Motor Vehicle*, Operation. *Evidence*, Relevancy. *Estoppel.*

The operator of an automobile was not one responsible for its operation with the consent of the owner within the meaning of a policy of compulsory motor vehicle liability insurance, where the owner had entrusted complete control of it to his brother, and the brother had given possession of it and permission to use it to one who allowed the operator to use it without the brother's authority or consent.

At the trial of a suit in equity where the issue was, whether the operator of an automobile was using it with the express or implied consent of the owner, although without authority or consent of the owner's brother to whom the owner had given complete control, it was proper to exclude as irrelevant evidence that the owner had said that he expected that such operator would drive the automobile until the owner's brother got a license.

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), by a judgment creditor of the operator of an automobile to enforce a policy of liability insurance upon it, the mere fact that the insurer had assumed the defence of the action against the operator did not estop it to defend on the ground that the operator's liability to the plaintiff was not covered by the policy.

BILL IN EQUITY, filed in the Superior Court on January 2, 1935.

The suit was heard by *Fosdick*, J., by whose order there was entered a final decree dismissing the bill. The plaintiff appealed.

*N. Golden*, for the plaintiff.

*K. C. Parker*, for the defendant.

QUA, J. The plaintiff has recovered judgment against one White for personal injuries caused by White's operation of an automobile owned by a Mrs. Powell. He now seeks by this bill brought under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply in payment of his judgment the obligation of the defendant under a motor vehicle liability policy covering the automobile in question. G. L. (Ter. Ed.) c. 90, § 34A. The only issue litigated is whether at the time of the accident White was responsible for the operation of the automobile with the express or implied consent of Mrs. Powell.

It is agreed that upon leaving this Commonwealth for California shortly before the accident, Mrs. Powell had given full and complete control of the automobile to her brother, one Brown, so that the issue reduces itself to the question whether White was responsible for the operation of the automobile with the express or implied consent of Brown. The judge found in substance that Brown had given possession of the automobile and permission to use it to one Conlon, but had given him no authority to entrust it to another, and that Conlon without Brown's authority or consent had allowed White to use it. The judge ruled that the plaintiff could not prevail and dismissed the bill.

The evidence is reported. We need not recite it in detail. It is conflicting at important points and would support different conclusions depending upon the weight given to varying statements. The burden of proof was upon the plaintiff. This is peculiarly a case where the findings of the trial judge who saw and heard the witnesses cannot be pronounced plainly wrong and must stand. *Johnson* v. *O'Lalor*, 279 Mass. 10, 13. Those findings required the dismissal of the bill. The case is governed by *Johnson* v.

*O'Lalor*, 279 Mass. 10, and *Moschella* v. *Kilderry*, 290 Mass. 62. The findings distinguish this case from *Boyer* v. *Massachusetts Bonding & Ins. Co.* 277 Mass. 359, *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, *Guzenfield* v. *Liberty Mutual Ins. Co.* 286 Mass. 133, and *Blair* v. *Travelers Ins. Co.* 288 Mass. 285.

There was no error. in excluding the testimony of the witness Benard as to what Mrs. Powell had said to him before starting for California about leaving the automobile in charge of Brown and her expectation that Conlon and White would drive it until Brown got a license. This had no tendency to show that Mrs. Powell authorized either Conlon or White to use the automobile for his own purposes without Brown's permission.

The exclusion of various questions tending to show that White had driven the automobile on other occasions, taken in connection with the offers of proof made, was within the discretion of the judge.

Nothing in the record required the judge to rule that the defendant by assuming the defence of the original action against White estopped itself from denying its liability in the present suit. *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 473.

*Decree affirmed with costs.*