[Civ. No. 7158.   Third Dist.   Feb. 26, 1946.]

OTTO HARRY HERBERT, Respondent, v. P. L. CASSINELLI et al., Defendants; GEORGE SAUSMON, Appellant.

Van Dyke & Harris and Gerald Wallace for Appellant.

Henry & Bedeau and Frank E. Kilpatrick for Respondent.

PEEK, J.—This is an appeal by the defendant Sausmon from an order of the trial court granting a new trial after verdict by the jury in defendant's favor.

The action, which was one for personal injuries arising out of a collision between a car operated by plaintiff and one owned by said defendant but driven by the defendant Morris, was before this court on a previous occasion (*Herbert* v. *Cassinelli*, 61 Cal.App.2d 661 [143 P.2d 752]).

At the outset of the first trial the action was dismissed as to the defendant Cassinelli; service of process on the defendant Morris could not be made within the State of California; and the action proceeded against Sausmon alone. The evidence at that hearing disclosed that one Smith had his car stolen and wrecked and was in need of another car; that he talked with Sausmon, who operated a garage, and as an outgrowth of such conversation borrowed a Chevrolet pickup from him. According to Sausmon's testimony he gave the pickup to Smith for the latter's personal use to try out with the thought of selling the vehicle to him. Smith testified to the same general effect: that the pickup was for his personal use and also for transporting personal supplies to and from the sawmill where he worked, and that if the car proved satisfactory he would buy it. No specific instructions were given by Sausmon limiting the use of the car by Smith, although it was inferable that the parties assumed that the pickup was to be used only by him. While Morris was driving the car with the permission of Smith, the accident occurred.

The case was tried by the court, which found that the accident was due solely to the negligent operation of the car by Morris, and that plaintiff's operation of his car contributed in no way to the accident. The court further found that the defendant Sausmon did not know of the use of the car by Morris, and that such use was without his express or implied permission. Judgment was rendered for the defendant.

On appeal the judgment was reversed by this court (61

Cal.App.2d 661), it being held that under section 402 of the Vehicle Code, as interpreted by the Supreme Court in the cases of *Souza* v. *Corti*, 22 Cal.2d 454 [139 P.2d 645, 147 A.L.R. 861], and *Hobbs* v. *Transport Motor Co.*, 22 Cal.2d 773 [141 P.2d 738], and decisions cited therein with approval, the negligence of Morris, the operator of the vehicle, must be imputed to the owner, Sausmon, appellant herein. Appellant's petition for a hearing in the Supreme Court was denied.

At the second trial, which was before a jury, Smith somewhat changed his testimony by stating in effect that appellant had told him not to let anyone else use or drive the car. Appellant did not specifically corroborate this statement. He went no further than to testify that he had not expressly authorized Smith to loan the pickup to anyone.

Before the case was submitted to the jury, appellant made a motion for a directed verdict, which was denied. Respondent then requested that the court limit the issues which the jury might consider, and accordingly the court charged the jury that there were only two issues of fact to be determined: negligence on the part of the operator of the car, and contributory negligence on the part of the plaintiff. With respect to the legal responsibility of appellant for the negligence of Morris, the court carefully explained the effect of the previous ruling by this court, and the reasons why that question was no longer an issue for the jury's consideration. The jury returned a verdict for appellant. Respondent moved for a new trial on the grounds, among others, that the evidence was insufficient to justify the verdict and that the verdict was against law. The motion was granted for the reason, as stated by the trial court, that "the weight of the evidence is against the finding of the jury that the Plaintiff was guilty of contributory negligence."

Appellant now contends that the evidence on the second trial is materially different from that on the first, that the doctrine of the law of the case is therefore inapplicable, and that the trial court should have recognized the change in the situation by directing a verdict for appellant and refusing to grant respondent's motion for a new trial.

This contention is based principally on the altered character of the testimony given by the witness, Smith. On the first trial he testified that he had never consulted appellant about letting other people drive the pickup. On the second trial he testified to the effect that appellant had told him no one

else was to drive or use the car. The testimony of appellant was virtually the same on both trials.

From this circumstance, appellant argues that our decision on the former appeal is no longer applicable. In support of this contention he points to certain language of our opinion on said appeal, to wit: "The lending appears to have been for a general use by the borrower for an indefinite time coupled with an assumption or intendment that only he would use it." (61 Cal.App.2d, at page 665.) Therefore, he concludes, what was heretofore only an assumption has become a proven fact, and that which appeared to be only an intendment is now shown to be a specific restriction.

We are of the opinion that appellant's contention is based on too narrow a view of the purport and effect of our decision on the former appeal. Therein, in addition to the observation above quoted, we stated:

"Assuming that Smith violated the restrictions placed upon the use and operation of the pickup by the owner Sausmon in allowing Morris to use it, under the rule in the Souza case, it was, nevertheless, the use which was contemplated by the owner with his permission, and a violation of such restrictions could not cause a revocation of such permission." (61 Cal.App.2d, at page 665.)

This ruling presupposes the imposition of such restrictions and declares the immateriality thereof. It is founded on the principles enunciated and applied in the cases of *Souza* v. *Corti, supra, Hobbs* v. *Transport Motor Co., supra,* and *Bayless* v. *Mull,* 50 Cal.App.2d 66 [122 P.2d 608].

It therefore appears that in this class of cases the significant factor is the fact that the owner has committed the general use of the car to the permittee, and this use is not converted into a special one because the permission may have been accompanied by an express admonition not to permit anyone else to drive the car. (*Souza* v. *Corti, supra,* at page 460; *Haggard* v. *Frick,* 6 Cal.App.2d 392 [44 P.2d 447]; *Herbert* v. *Cassinelli, supra,* at page 665. See, also, *Burgess* v. *Cahill,* 26 Cal.2d 320, 324 [158 P.2d 393].)

It is in the light of these principles that the question of the materiality of the change in Smith's testimony on the second trial must be appraised. As thus viewed, the evidence remains essentially the same. It still shows a general permissive use, without restriction as to time or place—in other words, a situation squarely within the purview of the rule of the cases above cited.

It follows that the evidence on the second trial has not changed materially, essentially, or vitally, and that the law of the case laid down in the first appeal still applies. (*Estate of Baird,* 193 Cal. 225, 236-237, 244-245 [223 P. 974]; *Swarzwald* v. *Cooley,* 39 Cal.App.2d 306, 320 [103 P.2d 580]; *Sischo* v. *City of Los Banos,* 37 Cal.App.2d 717, 718-719 [100 P.2d 305]; *Coulter* v. *Howard,* 113 Cal.App. 208, 214 [298 P. 140]; *Merchants Nat. Bank* v. *Carmichael,* 50 Cal.App. 749, 755-756 [196 P. 76].)

In further support of his argument on this phase of the case, appellant advances the proposition that to apply the rule of the law of the case to the instant proceedings would be to apply it erroneously to a question of fact rather than law. We believe this to be a misconception of the effect of our prior decision and of the nature of the doctrine of the law of the case when applied to a case involving the sufficiency of the evidence. Our decision on the former appeal was to the effect that the evidence as a whole was insufficient to justify the finding of the trial court that the use or operation of the vehicle by the driver thereof at the time of the accident was without the permission of the owner, as defined by section 402 of the Vehicle Code. Under the authorities, this was a ruling on a question of law, and it is binding on the trial court and on the appellate courts as well. (*Estate of Baird, supra,* at pages 234-236; *Wells* v. *Lloyd,* 21 Cal.2d 452, 455-456 [132 P.2d 471].)

In his oral argument, counsel for appellant takes the further position that the case at bar involves a distinguishing feature that removes it from the rule of the cases heretofore decided. His contention is that the inference of permissive use was conclusively rebutted by the plaintiff's own witness, Smith, not by one of defendant's witnesses, and therefore the inference was dispelled at its inception and never reached the dignity of a prima facie case. No authority is cited in support of this unique theory, other than the cases of *Smellie* v. *Southern Pacific Co.,* 212 Cal. 540 [299 P. 529], and *Hoffman* v. *Southern Pacific Co.,* 215 Cal. 454 [11 P.2d 387], which appear to be used by way of analogy rather than as direct precedent on the point.

We are substantially in agreement with the statement made by counsel for appellant that: "Where a plaintiff in a case of this character is relying on the permissive use statute and makes out a prima facie case of permissive use the defen-

dant will not be permitted to come in by way of defense and establish the fact he had placed secret restrictions or limitations upon the power of use." We are not, however, in accord with the further observation that "it is a rule which obviously can have no application to this case because here we have a very different evidentiary situation." On the contrary, the rule seems to cover the very situation herein presented. Plaintiff's witness made out a prima facie case of a general permissive use. Other testimony of the same witness and the testimony of one of defendant's witnesses tend to establish the fact that secret restrictions or limitations had been placed upon the power of use. Since the fact of the placing of such restrictions or limitations is immaterial under the circumstances, as we have shown heretofore, the prima facie case made by plaintiff's witness has never been rebutted.

The case of *Smellie* v. *Southern Pacific Co., supra,* deals with presumptions and the effect of the testimony of a witness called under section 2055 of the Code of Civil Procedure. The Hoffman case has no apparent bearing on the question before us.

From what we have said, it is evident that the action of the trial court herein in withdrawing from the jury the issue of permissive use did not constitute prejudicial error. (*Lally* v. *Kuster,* 48 Cal.App. 355, 358-359 [192 P. 78]; *Clayton* v. *Schultz,* 18 Cal.2d 328, 332-333 [115 P.2d 446].)

Likewise, the refusal of said court to direct a verdict in favor of appellant could not in any event have resulted in prejudice, since the jury returned a verdict favorable to appellant. (*Cliff* v. *California Spray Chemical Co.,* 83 Cal.App. 424, 429-430 [257 P. 99]; 2 Cal.Jur., p. 1026, § 611.)

Finally, the question arises whether there was sufficient evidence of want of contributory negligence to justify the trial court in granting a new trial.

On this issue, the record discloses that the accident in question resulted from a collision which occurred when Morris, driving appellant's pickup, sought to pass a Ford car going in the same direction on a two-lane highway and struck respondent's car which was approaching from the opposite direction. The evidence shows that respondent was driving his car at a lawful rate of speed, that he was watching the road and saw the approaching car, and that, while he made no substantial move to avoid the accident, neither did he do any affirmative act that could properly be said to have brought

on the collision. In this state of the case, it must be concluded that the trial court was justified in determining that respondent was not guilty of contributory negligence (2 Cal.Jur. 10-Yr.Supp., pp. 309-310, § 203), and, therefore, in granting a new trial (*Green* v. *County of Merced,* 62 Cal.App.2d 570, 575 [144 P.2d 874] ; *Woods* v. *Walker,* 57 Cal.App.2d 968, 971-972 [136 P.2d 72] ; *Ogando* v. *Carquinez Grammar School District,* 24 Cal.App.2d 567, 569 [75 P.2d 641]).

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied March 27, 1946, and appellant's petition for a hearing by the Supreme Court was denied April 25, 1946. Traynor, J., voted for a hearing.