[L. A. No. 22066. In Bank. Aug. 5, 1952.]

DAVID MORGAN NORRIS et al., Plaintiffs and Appellants, v. PACIFIC INDEMNITY COMPANY (a Corporation), Respondent; ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, Cross-Defendant and Appellant.

Parker, Stanbury, Reese & McGee and Raymond G. Stanbury for Appellants.

Jennings & Belcher, Stevens Fargo and Louis E. Kearney for Respondent.

SHENK, J.—David Morgan Norris and Irvin Victor Norris are father and minor son. They are or are about to be defendants in an action to recover damages for personal injuries and property damage sustained by Mr. and Mrs. Leo Phillipson in an automobile accident. At the time of the accident the plaintiff Irvin was driving a Plymouth automobile owned by E. A. Parkford. This action is for declaratory relief to determine the respective rights and duties of the plaintiffs and the defendant Pacific Indemnity Company, herein called Pacific, under the insurance policy issued by it to the owner Parkford. Pacific cross-complained against the plaintiffs and against Zurich General Accident and Liability Insurance Company, insurer of the senior Norris who signed Irvin's application for an operator's license (Veh. Code, § 352).

The facts as found by the court are based on evidence which is without substantial conflict. Parkford had given his son, Geoffrey, permission to use the Plymouth but expressly prohibited him from lending it to or permitting its use by any other person except a member of the family or the chauffeur. On April 3, 1950, Geoffrey and Irvin went to Newport Beach in the Plymouth. While they were at a friend's home Irvin wanted to borrow a car to drive to the nearby town for a haircut. Geoffrey had not previously loaned the Plymouth to anyone, but upon request he gave Irvin the keys saying, "Irv, I am not supposed to loan the car. For God's sake, be careful." When Irvin left the barber shop in the Plymouth to meet the other boys, he collided with an automobile in which the Phillipsons were riding.

The question before the trial court was whether Irvin was an additional assured under the policy of Pacific which was introduced in evidence; and therefore whether Pacific was obligated to answer for a judgment as against him and to defend the personal injury action on his behalf. The trial court found that Irvin did not have the permission of the owner express or implied and concluded that he was not an additional assured. Judgment followed for Pacific on the complaint and the cross-complaint accordingly. The plaintiffs and cross-defendants appealed.

The appeal presents the question of the correctness of the trial court's declaration that Irvin was not an additional

assured under Pacific's policy. For the purpose of determining that issue the correctness of the finding that Geoffrey had no authority to loan the automobile, in fact was expressly prohibited from doing so, and therefore that Irvin had no actual permission of the owner, is unquestioned.

The so-called omnibus clause of the policy issued to the owner by Pacific provides that "the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

No difficulty arises as to the meaning of the word "permission" in the policy. It may be assumed that it means permission, express or implied. (See Veh. Code, § 415a(2).) The problem involves the application of the policy provision. The plaintiffs contend that the omnibus clause attaches to fix liability on the insurer in this case, as the statutory provision attached to fix the owner's imputed liability under section 402 of the Vehicle Code in *Souza* v. *Corti* (1943), 22 Cal.2d 454 [139 P.2d 645, 147 A.L.R. 861].

Section 402 of the Vehicle Code provides that every owner of a motor vehicle is liable for death or injury to person or property resulting from negligence in the operation of the vehicle by any person using or operating it with the owner's permission express or implied, and that the negligence of such person shall be imputed to the owner for all purposes of civil damages. The section places a limitation of $5,000/10,000 public liability and $1,000 property damage in one accident.

In *Souza* v. *Corti, supra,* Arthur Gigli had permission to use his father's Dodge automobile. In violation of instructions prohibiting the use or operation of the car by another, he delegated operation thereof to the defendant Corti. In a personal injury action against Corti and the Giglis, father and son, judgment was rendered against Corti alone and in favor of the other defendants. The appeal of the plaintiffs involved the correctness of the implied finding that there was no imputed liability of the owner pursuant to section 402 of the Vehicle Code. In reversing the judgment as to the Giglis this court used the following language (22 Cal.2d at pp. 460-461): "In the present case the use which was being made of the borrowed car at the time of the accident

was the use which was contemplated by the owner. Any secret restrictions imposed by him on the manner of its use do not negative the controlling fact that it was being used with the owner's permission at the time of the accident. Violations of such restrictions may not be said to cause a revocation of the permission. Liability of the defendant owner in this case pursuant to section 402 of the Vehicle Code is therefore established. . . .

"As to the liability of the defendant Arthur Gigli, the record shows that defendant Corti took possession of the Dodge for the use, benefit and accommodation and under the direction of Arthur and for the purpose of taking it to Rocca's for Arthur. Under these circumstances Arthur was the principal and Corti was his agent. The negligence of the latter was therefore imputable to Arthur. (*Maberto* v. *Wolfe*, 106 Cal.App. 202 [289 P. 218].)"

Thus in the Souza case the owner's permittee, Arthur Gigli, was held to have been the user of the car with the owner's permission at the time of the injury to the plaintiff.

Section 402 is not involved in the present case. The plaintiffs are not concerned with fastening imputed liability on the owner. They are not the beneficiaries of any statutory created liability. The plaintiffs seek to apply the policy language as a source of financial discharge of Irvin's liability to the persons injured through his own negligence. But Irvin's financial protection of his ability to discharge his liability for his negligent acts is his own concern unless his use or operation of the automobile was with the express or implied permission of the owner. Unquestionably as found by the court Irvin did not have the permission of the owner, either express or implied, for the use or operation of the car. Protection under an owner's insurance policy to the user or operator of the owner's automobile depends on his having obtained the express or implied permission of the owner.

The contract language is plain. The plaintiffs would nevertheless apply the determination in *Souza* v. *Corti, supra,* as it may affect an owner's imputed liability, to obtain coverage under the owner's policy for one who was not his permittee. As support for this position they invoke the principle that in construing insurance contracts the words expressing the intention of the parties should be given a meaning settled by judicial decision. The invoked principle applies to judicial construction of insurance policies. (Appleman, Insurance

Law & Practice, vol. 13, § 7404, p. 104 et seq.; *Fidelity & Cas. Co.* v. *Fireman's Fund Indem. Co.*, 38 Cal.App.2d 1, 7 [100 P.2d 364].) The invoked rule, insofar as it is applicable, produces an interpretation of the word "permission" to include permission, express or implied. But it does not make one a permittee who had neither the express nor implied permission of the owner for the use or operation of the automobile.

There is no decision in this state which construes or applies similar language in insurance policies in accordance with the plaintiff's contentions. Nor do decisions in other jurisdictions relied on justify a conclusion that Irvin is an additional assured under the owner's policy.

■ It is held generally that the use by a third person is not protected by an omnibus clause in an insurance policy where the owner has expressly forbidden it. (*Samuels* v. *American Auto Ins. Co.*, 150 F.2d 221 [160 A.L.R. 1191], and annotation p. 1195 at 1209, et seq., and cases cited; note, 5 A.L.R.2d 657 and cases cited.) ■ The weight of authority is said to follow the rule that a permittee's delegation of permission for the use of the car without the express or implied permission of the assured is not within the omnibus coverage unless the third party's operation of the car serves some purpose of the original permittee. (5 Am.Jur., Automobiles § 535.1 Cum.Supp. p. 155, and references; see, also, *Card* v. *Commercial Cas. Ins. Co.*, 20 Tenn.App. 132 [95 S.W.2d 1281]; *American Auto Ins. Co.* v. *Jones*, 163 Tenn. 605 [45 S.W.2d 52]; *Holthe* v. *Iskowitz*, 31 Wn.2d 533 [197 P.2d 999].) ■ Where the permittee in his operation used the vehicle contrary to instructions or where against instructions he gave the operation over to another for the permittee's benefit, the courts have held the permittee to be the person responsible for the operation of the vehicle with permission and therefore an assured under the policy. (*O'Roak* v. *Lloyds Cas. Co.*, 285 Mass. 532 [189 N.E. 571]; *Guzenfield* v. *Liberty Mut. Ins. Co.*, 286 Mass. 133 [190 N.E. 23]; *Boudreau* v. *Maryland Cas. Co.*, 287 Mass. 423 [192 N.E. 38]; *Blair* v. *Travelers' Ins. Co.*, 288 Mass. 285 [192 N.E. 467]; *State Farm Mut. Auto. Ins. Co.* v. *Cook*, 186 Va. 658 [43 S.E.2d 863, 5 A.L.R. 2d 594]; cf. *Dickinson* v. *Great Am. Indem. Co.*, 296 Mass. 368 [6 N.E.2d 439].) ■ Likewise where there was a course of conduct indicating assent by the assured to use by others than the permittee, the user is deemed to be the responsible person with permission and an additional assured. (*Odden*

v. *Union Indem. Co.,* 156 Wash. 10 [286 P. 59, 72 A.L.R. 1363]; *cf. Trotter* v. *Union Indem. Co.,* (D.C.) 33 F.2d 363, aff'd 35 F.2d 104, arising out of the same accident; *Boyer* v. *Massachusetts Bonding & Ins. Co.,* 277 Mass. 359 [178 N.E. 523]; *Hinton* v. *Indemnity Ins. Co.,* 175 Va. 205 [8 S.E.2d 279].) ■ But where the facts as here showed neither express nor implied permission for the permittee's delegation of the use of the car to another, the third person has been held not to be the responsible person with permission and therefore not protected by the omnibus clause. (*Johnson* v. *O'Lalor* (1932), 279 Mass. 10 [180 N.E. 525]; *Moschella* v. *Kilderry* (1935), 290 Mass. 62 [194 N.E. 728]; *Novo* v. *Employers' Liability Assur. Corp.* (1936), 295 Mass. 232 [3 N.E.2d 737]; *Woznicki* v. *Travelers Ins. Co.* (1938), 299 Mass. 244 [12 N.E.2d 876]; *Kneeland* v. *Bernardi* (1945), 317 Mass. 517 [58 N.E.2d 823]; *Locke* v. *General Acc. Fire & Life Assur. Corp.* (1938), 227 Wis. 489 [279 N.W. 55], and cases cited at p. 58 [of 279 N.W.].)

■ The plaintiffs urge that an affirmance of the judgment would create inconsistency in the construction of language under the statutory provisions and under the insurance policy. As the foregoing indicates, there is no merit in this contention. The matter of the owner's imputed liability is not involved here; and the question of the operator's coverage under the owner's policy was not involved in the Souza case. Since there is neither express nor implied permission for Irvin's use of the automobile, he is not protected by the omnibus clause in the policy of the owner.

It follows that the trial court correctly concluded that the plaintiff, Irvin Victor Norris, was not an additional assured under the omnibus clause of Pacific's policy to Parkford, and that this conclusion supports the judgment.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

The facts are clear. Parkford owned a Plymouth automobile. His public liability insurance carrier is Pacific Indemnity Company, called Pacific. The policy issued by Pacific insured, as required by law (Veh. Code, § 415(a)(2)) in addition to Parkford "any *other person* using or responsible for the use of [the car] . . . with the *express or implied permission* of [Parkford]." Parkford permitted his son, Geof-

frey, to use the car but instructed him not to permit anyone else to use it. Geoffrey permitted Irvin Norris to use it, and in the course thereof, an injury was caused to the Phillipsons, allegedly through Irvin's negligence. Irvin would be liable as the driver of the car and the question is whether he was operating it with the implied consent or permission of Parkford and hence was covered by the insurance policy extending coverage to persons using the car with Parkford's consent. That he was covered should be clear. In order to give meaning and effect to this court's decision in *Souza* v. *Corti*, 22 Cal.2d 454 [139 P.2d 645, 147 A.L.R. 861], that result is imperative. We there considered section 402 of the Vehicle Code, which imposes liability upon the owner of a vehicle for an injury caused by the negligence of one operating it with the owner's "express or implied" permission. We there held, as the majority opinion here concedes, that the owner was liable for an injury caused by a person driving with the permission of the owner's permittee even though the owner had expressly forbidden his permittee to let another operate the car. As stated in the majority opinion, we held that "the liability pursuant to section 402 must be imputed to the owner whenever it appeared that there was an initial permission for its use although restrictions on delegation of that use were violated." To the same effect are *Burgess* v. *Cahill*, 26 Cal.2d 320 [158 P.2d 393, 159 A.L.R. 1304]; *Herbert* v. *Cassinelli*, 73 Cal.App.2d 277 [166 P.2d 377], and *Haggard* v. *Frick*, 6 Cal.App.2d 392 [44 P.2d 447].

I have heretofore stated the terms of the clause of the policy here involved. It will be noted that the language is identical with that in section 402 considered in the Souza and other cases, *supra*. It should therefore be given the same meaning, and if there is liability on the owner under section 402, there should likewise be liability under the policy. The policy was written to meet certain conditions of liability and should be interpreted in the light of those conditions. The purpose of the policy was to protect another who was operating the car where he was made responsible by law. Persons who could make the owner liable because they operated the car with implied permission under section 402, must necessarily be other persons who, under the policy, are driving with the implied permission of the owner. If the operator is said to have implied permission in one case he also has it in the other. The law stated in the Souza and other cases,

*supra,* construing section 402 is read into and becomes a part of the policy—the contract for ". . . all applicable laws in existence when an agreement is made necessarily enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms. Section 1656 of the Civil Code states that 'All things that in law or usage are considered as incidental to a contract, or as necessary to carry it into effect, are implied therefrom, unless some of them are expressly mentioned therein, when all other things of the same class are deemed to be excluded.' Section 1646 of the Civil Code reads as follows: 'A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made.' Hence, the courts must read as a part of a contract the laws of the state existing at the time it was made. It is to be construed according to the lex loci rei sitae as to the sufficiency of its formal execution and as to the interpretation of its parts. It would be idle for the parties to say, expressly, that they incorporate into their agreement the law then existing. The parties are presumed to have had the law in view, although sometimes the terms of the contract will rebut this presumption. This rule, of course, applies as well to constitutional provisions as to statutes." (6 Cal.Jur. 310.)

It should further be noted that the clause of the policy involved is one required by statute to present. It commands that the policy must "insure the person named therein *and any other person* using or responsible for the use of said motor vehicle or motor vehicles with the *express or implied permission of said assured.*" (Veh. Code, § 415(a)(2).) That section and section 402 are all part of division VII of the Vehicle Code, the first chapter of which declares the civil liability including that of the owner (§ 402), the second, financial responsbility, and the third, security following the accident. All of those provisions should be read together and harmonized. Thus, when the first chapter imposes liability on the owner for the negligent operation of a car by the one to whom he has given implied permission to use it, and this court interprets that to extend to the operation by a permittee of the permittee, although the latter permission is forbidden by the owner, the second chapter which requires an insurance policy to cover persons who operate the car with the owner's implied consent, should be similarly inter-

preted. Otherwise the policy requirement does not give the coverage demanded by the second chapter (§ 415).

It is my opinion that this case was correctly decided by the opinion prepared by Mr. Presiding Justice Moore and concurred in by Mr. Justice McComb when this case was before the District Court of Appeal, Second District, Division Two (Cal.App.), 237 P.2d 666, and would therefore, reverse the judgment.

Appellants' petition for a rehearing was denied September 4, 1952. Carter, J., was of the opinion that the petition should be granted.