**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff—Appellee,**

v.

**ROEBBELEN CONSTRUCTION, INC.; Roebbelen Engineering, Inc.; Michael D. Thuleen; Permanent General Assurance Corporation, Defendants,**

and

**David W. Crawford, Defendant—Appellant.**

No. 01–16779.

D.C. No. CV–00–02084–EJG.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2002.[*]

Decided Dec. 5, 2002.

Before SCHROEDER, Chief Judge, RICHARD C. TALLMAN, Circuit Judge, and MILLER,[**] District Judge.

MEMORANDUM [***]

Because the parties are familiar with the pertinent facts, we do not state them here.

In order to be covered under the policy's omnibus clause, Michael Thuleen needed to receive express or implied permission to operate the vehicle from Roebbelen Co., the owner of the car. *Baker v. Liberty Mutual Ins. Co.*, 143 F.3d 1260, 1263 (9th Cir.1998) (applying California law and holding that permission must come from both the owner and initial permittee); *Sandoval v. Mercury Ins. Group*, 229 Cal. App.3d 1, 9, 278 Cal.Rptr. 533 (1991) (noting that "the cases have never suggested that [the] need [to provide a recovery for innocent victims] should be fulfilled by finding coverage without regard to the conduct and expectations of the owner").

Roebbelen did not impliedly permit Thuleen's use of the car.[1] Because Roebbelen maintained a policy expressly prohibiting employees' children from using company cars, Thuleen is not covered under the St. Paul policy as a permissive user. *See Norris v. Pacific Indemnity Co.*, 247 P.2d 1, 4, 39 Cal.2d 420, 425 (1952) (explaining that generally "the use by a third person is not protected by an omnibus clause in an insurance policy where the owner has expressly forbidden [the third party's use]").

Crawford's reliance on *Jordan v. Consolidated Mutual Ins. Co.*, 59 Cal.App.3d 26, 130 Cal.Rptr. 446 (1976) is misplaced. *Jordan* concerned the *scope* of the permission granted. The issue here is whether Thuleen ever had *any* permission from Roebbelen to drive the car. He did not, and is therefore not covered under the policy.

The "Drive Other Car" endorsement does not apply to cars owned by the insured. Roebbelen owned the car driven by Thuleen. We do not find the endorsement ambiguous.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] Hon. Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties agree that Roebbelen did not expressly permit Thuleen's use of the car.

Each party shall bear its own costs on appeal.

AFFIRMED.