[Civ. No. 12384.  Second Appellate District, Division Two.—January 26, 1940.]

ALVA D. MYERS, Respondent, v. CHARLES E. MOOSE et al., Appellants.

C. F. Jorz for Appellants.

Wood, Crump & Rogers for Respondent.

WOOD, J.—Plaintiff was on May 28, 1938, driving a Ford automobile in a southerly direction on the paved highway approximately 4 miles north of Mojave in Kern County. His automobile collided with an Oldsmobile car moving in a northerly direction, driven by defendant Moose and owned by defendant Clark. He commenced this action to recover damages for injuries suffered because of the collision and at a jury trial a verdict was returned in favor of defendants. Thereafter a new trial was granted ''on the ground that the evidence is insufficient to support the verdict''. The appeal is prosecuted from the order granting a new trial.

Defendants argue that there is ''no evidence direct or indirect upon which an inference of negligence can be imputed legally to appellant''. In the view of plaintiff, ''not only is there ample evidence to sustain the court's order, but a contrary order so manifestly would have been an abuse of discretion as to have constituted reversible error''.

The accident occurred at about 8 or 8:30 o'clock in the evening. The headlights of both cars were lighted. Plaintiff, who was alone in his car, testified that the cars collided while he was on his own half of the highway and to his right of the center line. His testimony was supported by that of the driver of a third car which was being driven northerly behind the car driven by defendant Moose. Defendant Moose testified that the collision took place on his own half of the highway and to his right of the center line. His testimony is supported by that of other occupants of his car and by a witness who was driving in front of him. Defendants also rely upon certain marks shown to have been made upon the highway. The briefs contain much discussion as to the details given by the various witnesses, the arguments being such as would ordinarily be directed to a jury. It would be inappropriate to here set forth the testimony in detail for the record clearly presents a substantial conflict in the evidence, and under well-settled rules the order of the trial court may not be disturbed.

An appellate court may not review a finding of a jury in case of a substantial conflict in the evidence but this rule is not applicable to the trial court in passing upon a motion for a new trial. Notwithstanding there be a conflict in the evidence the trial court may grant a new trial if it is satisfied that the verdict is against the weight of the evidence. The action of the trial court in so doing will not be reversed unless it appear that there has been a manifest abuse of discretion on the part of the trial court. These principles are thoroughly established in this state. (*Gordon* v. *Roberts,* 162 Cal. 506 [123 Pac. 288]; *Morgan* v. *Robinson Co.,* 157 Cal. 348 [107 Pac. 695]; *Morgan* v. *Los Angeles Pac. Co.,* 13 Cal. App. 12 [108 Pac. 735].) We find no abuse of discretion in the action of the trial court.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.