[Civ. No. 6965.   Third Dist.   Jan. 27, 1944.]

HAROLD GREEN et al., Respondents, v. COUNTY OF MERCED et al., Appellants.

F. M. Ostrander for Appellants.

C. Ray Robinson, Deadrich & Spencer and Belli & Leahy for Respondents.

THOMPSON, J.—This is an appeal from an order of the trial court granting a new trial to plaintiffs Daniel and Harold Green. The notice of motion for a new trial specified therein that it would be made on all grounds set forth in section 657 of the Code of Civil Procedure, and that such motion as to the first nine grounds would be made upon affidavits. The plaintiffs failed to file affidavits in support of their motion.

The order of the court granting the motion for new trial reads as follows:

"The motion for new trial in the above entitled case having been heretofore submitted to the Court on this 4th day of November 1942, and after due consideration thereof, it is ordered that said motion be granted as to the plaintiff Daniel Green on the ground of insufficiency of the evidence to justify the verdict and as to both plaintiffs on the ground of misconduct of counsel for defendants."

Section 658 of the Code of Civil Procedure provides:

"When the application is made for a cause mentioned in the first, second, third and fourth subdivisions of the last section, it must be made upon affidavits, otherwise it must be made on the minutes of the court."

Application for new trial on the ground of misconduct of counsel unquestionably comes within the provisions of subdivision 1 of section 657 of the Code of Civil Procedure, and

section 658 of the code requires that such application be made upon affidavits. An exception to the rule requiring affidavits in support of a motion for new trial on the ground of alleged misconduct has been recognized in a number of cases. It is reasoned therein that where the alleged misconduct fully appears from a reading of the reporter's transcript that the further requirement of affidavits would be unreasonable as such affidavits setting forth the misconduct would simply constitute a mere copy of those particular portions of the transcript. It is unnecessary for this court, however, to consider the question as to whether the alleged misconduct of counsel appears in the reporter's transcript, or to determine the question of error on the part of the trial court in granting the motion for new trial on the ground of misconduct of counsel for defendants, as both plaintiffs Daniel and Harold Green admit that such misconduct does not appear in the reporter's transcript. This acknowledgment by plaintiffs, in view of the fact that no affidavits in support of this motion for new trial were filed, constitutes an admission that error was committed in granting a new trial on the ground of such alleged misconduct. Plaintiff Daniel Green, however, having been granted a new trial on the additional ground of insufficiency of the evidence to justify the verdict, maintains that the trial court in granting his motion for new trial on this ground ruled in the only way possible in the light of the evidence presented at the trial of the case. It follows that the only remaining issue before this court is the determination of error, if any, on the part of the trial judge in granting plaintiff Daniel Green's motion for new trial on the ground of insufficiency of the evidence to justify the verdict.

This suit was commenced by plaintiffs Harold and Daniel Green, the complaint setting forth separate causes of action, to recover damages for injuries received as a result of the car in which they were riding being driven into the concrete abutment of a bridge. It is alleged that the accident was occasioned by the negligent manner in which Charles S. McBride, defendant, was operating a dump truck upon the highway at the particular time. The truck was owned by defendant county of Merced.

A short time prior to the accident in question, plaintiffs Harold and Daniel Green, who were father and son, were proceeding south on State Highway number 33, approxi-

mately six miles south of Gustine. They were riding in a car owned and being driven by Harold, the son. He was forty-two years of age, while the father, Daniel Green, who was riding in the back seat at the time, was eighty-two years of age. The time was approximately three o'clock in the afternoon and the driving conditions were good, including excellent visibility. According to the testimony of plaintiff Harold Green, the dump truck operated by defendant Mc-Bride was first observed about one quarter of a mile down the highway proceeding in the same direction as that of plaintiffs' car, and it was being driven on the proper side of the highway. The plaintiff, traveling at a speed of approximately fifty miles per hour, pulled over into the left lane of the highway, intending to pass the dump truck. At this time the plaintiff observed that defendant's truck was approaching a small bridge and it was concluded, according to the testimony of plaintiff, that he would pass defendant after the truck had traversed this bridge which was about thirty-five feet in length. As the truck started to cross this bridge, and when the plaintiffs' car was approximately 100 feet to the rear and to the left of the truck, the plaintiff testified the defendant put out his hand, indicating a left hand turn and simultaneously turned the truck to the left so that at least a portion of the truck was straddling the center line of the highway. The plaintiff immediately applied his brakes and sounded his horn in an endeavor to prevent a collision, but as plaintiff testified, it appearing imminent that he would crash into the rear of the truck he acted as he thought best under the circumstances and turned his car to the left, striking the concrete abutment of the bridge. Both occupants of plaintiffs' car were quite seriously injured as a result of the impact. It was determined subsequent to the accident that defendant at the time he turned his truck to the left was doing so in preparation for making a complete left turn into a side road which was located a very short distance beyond the bridge. Plaintiff admitted that after he had sounded his horn the defendant pulled his truck back toward the right side of the highway and that it is possible that he might have driven his car past the truck without contacting either the bridge or the truck, but that at the time such circumstance did not seem possible. The defendants concede that negligence on the part of plaintiff

Harold Green, if any, may not be imputed to the plaintiff Daniel Green who was riding in his son's car as a guest at the time of the accident.

The testimony of Harold Green is, in part as follows:

"Q. About how far was that truck down the highway when you first saw it? A. I noticed the truck on the highway ahead of me when I was perhaps a quarter of a mile behind the truck. Q. Was the visibility good that day? A. Yes, sir. . . . Q. And on what side of the highway was this truck when you first observed it? A. He was going south on the west lane. Q. Did that truck keep its course on the west lane? A. No; it did not. Q. What did it do? A. It pulled over into the center of the highway. Q. About how far were you in back of it when it pulled over? Can you estimate that? A. A hundred feet. . . . Q. How fast were you going? A. Fifty miles an hour. Q. Did the driver of the truck give any arm signal when he pulled over? A. Yes; he did. Q. With reference to his actual pulling over to your side of the highway, or to his left lane, where was he when he gave that signal? A. He was at the north approach of the bridge across the canal. Q. About how far away would you say from the canal? A. He was right at it. Q. What? A. Right at the bridge. Q. At that time which lane were you in? The left or the right? A. I was in the east lane. Q. That is your left lane? A. Left lane. . . . Q. What did you do when the truck pulled over into that lane? A. I applied my brakes and sounded my horn. . . . Q. What did the truck driver do, if anything, upon your sounding of the horn? A. He continued south on the highway. Q. In a straight line down the highway? A. Yes. Q. What did you do? A. I continued to attempt to stop my car and signaled vigorously to the truck. Q. When you say you signaled vigorously, what do you mean by that. Auditory or visually or how? A. With the horn of my car. . . . Q. Now, tell us what you did with your car, the path of your car and the path of the county truck. . . . A. I drove my car into the northeast end of the bridge. Q. Why did you drive your car into the northeast end of the bridge? A. Because I concluded that it was the lesser evil that I had to face at the time."

On cross-examination of plaintiff Harold Green, the following questions were asked and answers given:

"Q. At that time did you make any estimate as to the

speed of the truck that you were going to pass? A. No. Q. Did you observe any signal on the part of the truck? A. Subsequently I did. Q. What signal did you observe? A. I saw the truck driver put out his arm. Q. Indicating a left-hand turn? A. Yes, sir. Q. Did he change the direction of his truck? A. Yes, sir. Q. And which was done first, or were they done simultaneously? A. *They were done simultaneously*. Q. Where was the truck when you observed that signal; that is, where was the truck in relation to the bridge? A. He was at the north approach. Q. He was at the north approach? A. Yes. Q. Approximately just going onto it? A. Yes, sir.''

█ It is well established that the granting or refusing of a new trial in any case rests, very largely, within the discretion of the trial court, and its action in granting a new trial will not be disturbed in the absence of a clear showing of an unmistakable abuse of such discretion. (*Gray* v. *Robinson*, 33 Cal.App.2d 177 [91 P.2d 194].) █ The trial court, in the consideration of a motion for new trial on the ground of insufficiency of the evidence to justify the verdict, is also not restricted as it is in motions for a directed verdict or nonsuit, but may grant the motion for new trial notwithstanding a substantial conflict in the evidence. In jury cases, the moving party has in fact two hearings, one before the jury, and the other before the court on motion for new trial. (*Myers* v. *Moose*, 36 Cal.App.2d 739 [98 P.2d 551].)

█ Applying the foregoing rules of law pertaining to a motion for new trial on the ground of insufficiency of the evidence, the action of the trial court in awarding plaintiff Daniel Green a new trial on that ground constitutes error only if it can be said that the jury reached the sole conclusion supported by the record. In support of such a conclusion it would be necessary to determine that as a matter of law the evidence introduced failed to support any theory of negligence on the part of defendant McBride, or at least that his negligence was not a proximate or contributing cause of the accident. Even assuming that plaintiff Harold Green was guilty of negligence constituting a proximate cause of the accident, plaintiff Daniel Green nevertheless would not be precluded from recovering as against defendants, if defendant McBride was also guilty of negligence which was a proximate or contributing cause of the injuries received by

Daniel Green. This is true by virtue of the fact that Daniel Green was a guest in his son's car and the negligence of the driver, if any, cannot be imputed to him.

Section 544 of the Vehicle Code provides in part as follows:

"(a) No person shall turn a vehicle unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided herein in the event any other vehicle may be affected by such movement.

"(b) Any signal of intention to turn right or left shall be given continuously during the last 50 feet traveled by the vehicle before turning."

According to the testimony of Harold Green, defendant McBride failed to give the appropriate signal during the last fifty feet traveled by the dump truck, but in violation of section 544, above quoted, turned to the left blocking the highway immediately upon giving a signal for a left hand turn. If this testimony is a correct statement of conduct, defendant McBride was guilty of negligence *per se* in violation of the provisions of section 544 of the Vehicle Code.

There remains the further inquiry as to whether such negligence constituted a proximate cause of Daniel Green's injuries. That question was one of mixed law and fact and although it was properly placed before the jury for their consideration it certainly cannot be concluded as a matter of law that the jury arrived at the only decision possible under the evidence presented. To the contrary, the testimony of plaintiff, Harold Green, might well support a judgment in favor of plaintiff Daniel Green on the theory that the negligence of defendant McBride contributed as a proximate cause to the injuries received by Daniel Green, even though it might be concluded that the negligence of Harold Green precludes a recovery on his own behalf.

The law applicable to situations where injury results from two separate and distinct acts of negligence, operating and concurring simultaneously, and both constituting a proximate cause thereof, is applied in the case of *Fishman* v. *Silva,* 116 Cal.App. 1 [2 P.2d 473]. At page 7 of the opinion, language which might well be deemed appropriate as applying to the issues as presented in the instant case, is as follows:

"In order that the independent negligence of one of the defendants might constitute the sole proximate cause of the injuries to plaintiff and displace the negligence of the other,

it must appear from the evidence that such negligence was so disconnected in time and nature as to make it plain that the damage occasioned was in no way the natural or probable consequence of the negligence of him thus urging his non-liability.''

In stating the foregoing rules of law applying to ''proximate cause'' we have proceeded on the theory that the evidence supported the conclusion that plaintiff Harold Green was guilty of negligence constituting a proximate cause of Daniel Green's injuries. Such presumption was simply for the purpose of indicating that defendants might be legally liable to Daniel Green for his injuries, regardless of the negligence on the part of plaintiff Harold Green. It should not be assumed from what we have previously said that we conclude that Harold Green was in fact guilty of negligence which was a proximate cause of the injuries received, or that he was negligent at all under the circumstances of this case.

That portion of the order granting a new trial ''on the ground of misconduct of counsel for defendants'' is reversed, and that portion of the order granting Daniel Green a new trial on the ground of insufficiency of the evidence is affirmed, respondents to recover costs on appeal.

Adams, P. J., and Schottky, J. pro tem., concurred.