[No. E003635. Fourth Dist., Div. Two. Mar. 16, 1987.]

ALLSTATE INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
ARTHUR G. LOYER et al., Real Parties in Interest.

COUNSEL

Donald Perry Rhoads for Petitioner.

No appearance for Respondent and Real Parties in Interest.

OPINION

KAUFMAN, Acting P. J.—In a declaratory relief action brought against its insureds and third party claimants, petitioner Allstate Insurance Company seeks a writ of mandate compelling the respondent court to vacate its denial of Allstate's motion for summary judgment. The issue presented is whether a "driver exclusion agreement" executed as part of an automobile insurance policy is binding when signed by only one of two married insureds. We hold that, under the express and clear statutory provisions which apply, the exclusion in this case was binding and should have been applied by the court to preclude any claim against petitioner insurer for coverage or defense arising

out of the underlying wrongful death suit. Accordingly, a writ of mandate shall issue.

*Facts*

Petitioner insurer issued an automobile insurance policy to defendant Arthur Loyer as the only named insured providing coverage of a 1982 Ford Escort owned by Loyer and his wife Dorothy with the two of them as insured drivers. The policy included a "driver exclusion agreement" which provided: "To induce the Allstate Insurance Company to issue any policy which is issued as a result of Application No. __ (or to continue any policy issued as a result of such application) the undersigned hereby agrees to inclusion of an endorsement in the policy containing the following provisions: [¶] In consideration of the issuance of said policy, (or continuation of the said policy if same is already in effect) it is agreed that the Company shall not be liable and no liability or obligations of any kind shall attach to the Company as a result of an accident or occurrence [*sic*] while any automobile insured under the said policy is driven or operated by David Frederick Loyer."

The excluded driver is Arthur and Dorothy Loyer's son. The driver exclusion agreement was signed by Arthur Loyer only, the only named insured under the policy.[1]

The insurance policy was in effect on December 3, 1983, when the insured automobile, driven by excluded driver David Loyer, was involved in an accident which killed Thomas Allen Sandberg. A complaint for wrongful death was then filed against David Loyer and his parents Arthur and Dorothy Loyer by the victim's parents, Chris Sandberg and Karen Sandberg Dillingham. The complaint included causes of action for negligence, negligent entrustment, statutory vicarious liability, and willful misconduct.

Shortly thereafter petitioner insurer filed the instant action for declaratory relief against David Loyer, his parents Arthur and Dorothy Loyer, the victim's parents and others. Pursuant to the driver exclusion agreement, petitioner insurer sought a judgment precluding any claim by its insureds or third parties for coverage or defense in any aspect of the underlying wrongful death suit.

---

[1]A second driver exclusion agreement, designed for use in California, was also signed by defendant Arthur Loyer. This second agreement was executed on the same day as the agreement excluding David Frederick Loyer from the policy. However, the second agreement fails to designate any particular driver to be excluded. Because the applicable provisions of the second agreement replicate those of the first, we need only consider the first agreement in resolving this writ petition.

At the hearing upon petitioner's motion for summary judgment, the court announced its decision denying the motion. In discussing the basis for its decision, the court first noted a potential question of fact existed as to whether the signature affixed to the bottom of the driver exclusion agreement was in fact that of insured Arthur Loyer. After petitioner pointed out that defendant insureds had admitted the validity of the instrument in their opposing documents, the court abandoned this justification for its denial of petitioner's summary judgment motion.

The main reason offered by the court for its decision was its belief defendant Arthur Loyer could not legally exclude his son David from coverage under the policy without the signature of his wife Dorothy. The court stated: "My idea as such is this: Insurance policies in the area of Family Law is [*sic*] a property item. Under Family Law, at least, husband cannot convey effectively as against the spouse, or wife against the husband, et cetera, in binding that spouse as far as property rights are concerned." The court later explained: ". . . I find that under, at least Family Law, we find that insurance policies, even—not the whole life insurance policy, but the other kind of insurance policy, the other kind of policies are indeed property rights. One spouse cannot give up the rights of the other spouse without that spouse at least signing for it."

A second question discussed at the hearing was whether the driver exclusion agreement had been signed by Arthur Loyer in an informed and voluntary fashion.

### Discussion

■   Preliminarily we note petitioner insurer's motion for summary judgment was accompanied by a statement of undisputed facts, which averred the existence of the automobile insurance policy, the agreement excluding David Loyer from coverage under that policy, and the signature of Arthur Loyer upon that driver exclusion agreement. Before hearing on the motion, the Loyers filed a separate statement of undisputed facts in which they stated: "Plaintiffs' separate Statement of Undisputed Facts is correct in that the facts [recited] by plaintiff as undisputed are in deed [*sic*] undisputed."

Nowhere in their opposition to the summary judgment motion did the Loyers raise any question that Arthur Loyer signed the driver exclusion agreement under duress or that his assent to the agreement was in any way uninformed or involuntary. As a matter of law, without some factual showing in contravention of petitioner's statement of undisputed facts, no question of material fact was presented as to the contractual capacity of Arthur Loyer in signing the driver exclusion agreement. (See *Cornelison* v. *Kornbluth*

(1975) 15 Cal.3d 590, 595-596 [125 Cal.Rptr. 557, 542 P.2d 981]; *Cochran v. Linn* (1984) 159 Cal.App.3d 245, 249 [205 Cal.Rptr. 550].) Thus, the court could not properly base its denial of the summary judgment motion on questions regarding the voluntariness of the exclusion of David Loyer from coverage under the automobile insurance policy.

█ With respect to the court's conclusion Arthur Loyer could not bind his wife and coinsured, Dorothy Loyer, to the terms of the driver exclusion agreement without her signature, Insurance Code section 11580.1, subdivision (d), states in pertinent part: "[T]he insurer and *any named insured* may, by the terms of any policy of automobile liability insurance to which subdivision (a) [of this section] applies, or by a separate writing relating thereto, agree as to . . . the following limitation[], *such agreement to be binding upon every insured to whom such policy applies and upon every third party claimant:* [¶] (1) That coverage and the insurer's obligation to defend under such policy *shall not apply nor accrue to the benefit of any insured or any third party* claimant while any motor vehicle is being used or operated by a natural person or persons designated by name. These limitations shall apply to any use or operation of a motor vehicle including the negligent or alleged negligent entrustment of a motor vehicle to such designated person or persons."[2] (Italics added.)

Thus, the statute unambiguously states the driver exclusion agreement can be effectuated by the insurer and "any named insured" and that in such event coverage shall not apply or accrue to the benefit "of any insured." In this case, Arthur Loyer was the only named insured; appropriately, his is the only signature appearing on the driver exclusion agreement. Because the statute so clearly specifies that the driver exclusion agreement shall ". . . be binding upon every insured to whom such policy applies . . ." the court erred in concluding Dorothy Loyer would not be so bound. The Legislature understood the possibility that named and unnamed insureds would be married and thus subject to community property laws. There is simply no legal justification for the court's supposition that community property laws would prevent the operation of section 11580.1, subdivision (d), in this case.

*Disposition*

Let a peremptory writ of mandate issue directing the superior court to vacate its denial of petitioner Allstate Insurance Company's motion for

---

[2]The final sentence of the passage quoted from Insurance Code section 11580.1, subdivision (d), was added by amendment in 1983. The sentence became effective after the driver exclusion agreement was executed in this case but before the accident killing Thomas Sandberg occurred. In our view the added language does not change the meaning of the previous provision but only clarifies its applicability to negligent entrustment claims.

summary judgment and instead grant summary judgment on Allstate Insurance Company's complaint for declaratory relief in a manner consistent with the foregoing opinion.

McDaniel, J., and Hews, J., concurred.